## JURISDICTION IN ATTACHMENT.

Circuit Court of Cuyahoga County.

### CHARLES OAKMAN v. ROSE FURNITURE CO.

Decided, October 21, 1907.

*Constitutional Law—Jurisdiction of Justices of the Peace in At-*
*tachment—Amendment to Section 584 Invalid.*

The amendment of Section 584, Revised Statutes, passed April 18,
1894 (93 O. L., 146), excepting Cuyahoga and Franklin counties
from the general provisions of said section as to the jurisdiction
of justices of the peace in attachment cases, is unconstitutional;
and justices of the peace in said counties, as well as in all the
counties of the state, have jurisdiction co-extensive with their
counties "to issue attachments and proceed against the goods and
effects of debtors in certain cases."

WINCH, J. ; MARVIN, J., concurs; HENRY, J., not sitting.

Error to the Court of Common Pleas.

The only question involved in this case is whether justices
of the peace in Cuyahoga county have jurisdiction co-extensive
with said county to issue attachments.

Previous to April 19, 1898, such jurisdiction was undoubted,
for Section 583, Revised Statutes of Ohio, then read:

"Justices of the peace within and co-extensive with their
respective counties shall have jurisdiction and authority:
* * * 7. To issue attachments and proceed against the
goods and effects of debtors in certain cases."

On the date mentioned, however, the Legislature amended
said section by adding the following language to said paragraph
seven:

"Except in counties containing a city of the second grade
of the first class, or of the first grade, second class, the juris-
diction and authority in such cases is co-extensive only with
the township for which the justice was elected, but when said
justice has jurisdiction of the defendant because he resides
in the township for which said justice was elected, or otherwise,
as provided in Section 584 of the Revised Statutes, the juris-
diction in attachment shall be co-extensive with the county."
93 O. L., 146.

It needs no citation of authorities to show that it was beyond the powers of the Legislature to exempt Cuyahoga and Franklin counties from the operation of the general law on the jurisdiction of justices of the peace in attachment cases.

This amendment was unconstitutional.

But counsel for plaintiff in error contends that if the amendment of 1898 is unconstitutional, it is the whole of paragraph seven of Section 583 and that only, which is unconstitutional.

With this view we do not agree.    Our examination of the law of 1898 shows that the only purpose in amending paragraphs five and seven of Section 583, and paragraph four of Section 584, was to exempt Cuyahoga and Franklin counties from the operation of said laws.

That purpose was unlawful, and, upon familiar principles of construction of legislative enactments, the whole law, including the repealing clause, may be held unconstitutional, the former law then standing unrepealed.

But we are not remitted to this rule of construction alone. As the only unconstitutional parts of Sections 583 and 584 are exceptions added by the amendment, we may strike out said unconstitutional exceptions, leaving the law as it was before amendment.

Our conclusions are consistent with the holdings of the Lucas County Circuit Court in the case of *Collins* v. *Bingham Brothers,* 22 C. C., 533, and of the Hamilton County Circuit Court in the case of *Rogers* v. *Prushansky,* 3 C. C.—N. S., 366. though neither of said courts found it necessary to pass upon the constitutionality of said amendment of 1898, while it is necessary, for a determination of this case, that we do so.

The common pleas court having come to the conclusion here indicated, its judgment is affirmed.

*Carpenter, Young & Stocker* and *J. A. Fenner,* for plaintiff in error.

*Max P. Goodman,* for defendant in error.